XIA LIN, Petitioner,

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–2310–ag.

United States Court of Appeals, Second Circuit.

April 21, 2010.

Xia Lin, Pro se, Petitioner.

Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; P. Michael Truman, Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Xia Lin, a native and citizen of the People's Republic of China, seeks review of the May 6, 2009, order of the BIA, which denied her motion to reopen. *In re Xia Lin,* No. A077 657 975 (B.I.A. May 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion in denying Lin's motion to reopen as untimely because she filed it almost six years after the BIA issued its final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Additionally, the BIA did not err in denying Lin's motion to reopen because she failed to submit a new asylum application setting forth her new claim based on her alleged involvement with the Chinese Democracy Party ("CDP"). *See* 8 C.F.R. § 1003.2(c)(1); *Bi Feng Liu v. Holder,* 560 F.3d 485, 490–91 (6th Cir.2009) (finding that because petitioner "did not append an application for asylum to his motion to reopen as mandated ... [the] motion to reopen is, at a minimum, procedurally defaulted"). Lin's failure to file an asylum application with her motion meant that the motion was procedurally defaulted. *See Bi Feng Liu,* 560 F.3d at 490–91. That default is dispositive of her petition for review. In any event, we agree with the BIA that Lin's alleged involvement with the China Democracy Party was not a changed country condition in China.[1] *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–274 (2d

---

1. Lin does not challenge the BIA's rejection of    her ineffective assistance of counsel claim.

Cir.2006); *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).